In re Bryant B. Morrison; — applying for reinstatement; Disciplinary Board No. 96-DB-034.
*1056 DISCIPLINARY PROCEEDINGS
JiPER CURIAM. *
Petitioner, Bryant B. Morrison, was disbarred by consent by this court in 1987 for converting to his personal use $75,000 in client funds received as proceeds from the sale of oil wells. On May 6, 1996, he filed a petition for readmission acknowledging the seriousness and wrongful nature of his conduct.[1] Representing his efforts toward restitution, petitioner attached a promissory note in the principal amount of $75,000 with a confession of judgment executed in favor of his former clients in which petitioner agreed to pay each month twenty-five percent (25%) of his earned income after taxes and statutory deductions until the full amount of the note was paid. He further agreed to provide his former clients with annual financial statements and income tax returns to establish the annual payments for the following year. Petitioner alleged he had complied with the criteria for readmission that are set forth in Supreme Court Rule XIX, § 24. Specifically, he asserted that he had not engaged in any unauthorized practice of law, nor suffered from any substance abuse or any mental or physical infirmity. Petitioner further alleged he satisfied his monetary indebtedness to the Louisiana State Bar Association, the Disciplinary Board, and this court, as well as publishing notice of his intent to seek readmission in the appropriate publications.
Petitioner and disciplinary counsel filed a stipulation, in which disciplinary counsel stipulated to petitioner’s readmission, indicating that the “restitution agreement was working and agreeable” to petitioner’s former clients. Petitioner agreed, as a condition of readmission, that he would satisfy the mandatory continuing legal education requirement for the year of his admission.
The disciplinary board concluded that petitioner sustained his burden of proving |2by clear and convincing evidence that he satisfied the criteria for readmission set forth in the Supreme Court Rules. Although the board concurred with the petition for readmission, the board recommended the following additional conditions to petitioner’s readmission:
1. Petitioner shall abide by the terms of the promissory note which he executed on December 22, 1995 and continue to make monthly payments in accordance with the restitution plan until the note is paid in full. If petitioner fails to comply with the terms of the promissory note, Dwight L. Acomb [counsel for the victims] should immediately notify the Office of Disciplinary Counsel of such non-compliance and the Office of Disciplinary Counsel shall institute proceedings to revoke petitioner’s conditional readmission if warranted.
2. For the two year period following readmission, petitioner shall be placed on non-supervised probation, the special conditions of which are that he not violate the Rules of Professional Conduct and that he provide prompt and full cooperation with requests for information by the Office of Disciplinary Counsel.
8. In the event that there is non-compliance at any time following readmission with any of the terms of the promissory note which serves as the restitution plan or if during the two year period following readmission, petitioner violates the Rules of Professional Conduct or fails to cooperate with the Office of Disciplinary Counsel, the Disciplinary Board retains the authority, following whatever procedures and by whatever method it deems appropriate to modify or extend the terms of the conditional readmission, to modify or extend the two year probation period, to modify the terms of the restitution plan, or to recommend to the Court that petitioner’s readmission be revoked and that petitioner be returned to disbarred status.
4. Petitioner shall be assessed with all costs of these proceedings.
*1057 Upon review of the record of the disciplinary board’s findings and recommendations, and the record filed herein, it is the decision of this court that petitioner be conditionally readmitted subject to the conditions recommended by the disciplinary board.
Accordingly, it is ordered that petitioner, Bryant B. Morrison, be readmitted to practice law in the State of Louisiana subject to the conditions set forth in the disciplinary board’s recommendation. All costs of these proceedings are assessed against petitioner.
KIMBALL, VICTORY, and KNOLL, JJ., would deny readmission.

 Traylor, J., not on panel. Supreme Court Rule IV, Part 2, § 3.

. Petitioner first sought readmission in May of 1994; however, disciplinary counsel opposed the readmission because petitioner failed to make any attempts at restitution. Both the hearing committee and disciplinary board recommended against readmission. This court entered an order denying readmission on April 7, 1995. See In re Morrison, 95-0739 (La.4/7/95); 652 So.2d 1341.